**DAN HONG LAI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75398.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 18, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dehai Zhang, Esq., New York, NY, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Luis E. Perez, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON and BEA, Circuit Judges.

## MEMORANDUM **

Dan Hong Lai, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We dismiss in part and deny in part.

Lai contends that she has established eligibility for asylum based on persecution she suffered on account of being a female who opposes the prearranged marriage between her boyfriend and another woman. Because Lai has not exhausted this claim, this court is without jurisdiction to consider it here. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We have jurisdiction over the remainder of Lai's appeal under 8 U.S.C. § 1252. Substantial evidence supports the IJ's conclusion that Lai did not establish past persecution or a well-founded fear of future persecution on account of a statutorily-protected ground. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–22 (9th Cir.2006); *Dinu v. Ashcroft,* 372 F.3d 1041, 1043–44 (9th Cir.2004). Lai's contention that the IJ failed to consider the relevant State Department Country Reports is belied by the record.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Lai failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Substantial evidence also supports the IJ's conclusion that Lai is not entitled to relief under the Convention because she failed to demonstrate that it is more likely than not that she will be tortured if returned to China. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**